This is case number 413-0810-0837. Chipley v. Hall and others. For the appellant, Mr. Walker. For the appellee, Joseph Frank from Cooney & Conway. You are he, sir? Morning, Howard. You've devoted your seven minutes, sir? Yes, sir. And Stephen Swafford on behalf of Hoke, good times. Okay, Mr. Walker, you may proceed, sir. Morning, your honors. Morning. These appeals raise issues of subject matter and personal jurisdiction in connection with citation, or excuse me, supplemental proceedings. The plaintiff, the judgment holder, requested relief against three entities, lost his request for relief as to each entity, and is here appealing. The trial court gave labels for its decision, but not really described too much in depth how it reached those conclusions. As to Mr. Shine, the trial court said it was dismissing plaintiff's request for relief based on subject matter jurisdiction. And as to the other two, excuse me, Mr. Hoke and Cooney & Conway, based it on lack of jurisdiction over their person. Subject matter jurisdiction, of course, we're all familiar with, is the power of a court to hear the type of matter that's before it. In this situation, subject matter jurisdiction was created when Mr. Shipley asked the clerk to issue and had served upon the judgment debtor, C.P. Hall Company. From that point forward, jurisdiction, subject matter jurisdiction existed as to those things which arose out of those citation proceedings. There's no better explanation of this than this court's decision in O'Connor v. Farmaco, saying that's how you start it, and once it starts, it exists. It's not divisible. Those are almost Judge McCullough's words in that case. It's not divisible. The court didn't have subject matter jurisdiction for one aspect of it and not another, or one party or not another. And in that case, similar to what some of the defendants might argue here today, it said, well, you not only have to serve a citation on the judgment debtor, but you have to serve a citation on anybody else that the facts might develop you would be interested in getting relief against. And he said, well, no, if that were the case, then you'd never know until the end of the case that the court has subject matter jurisdiction because things might develop that more people would be served with various papers and writs and so forth in the course of the litigation. The second aspect of subject matter jurisdiction that the parties here today may talk about is what I call the Cinderella defense, which is that, well, the court had subject matter jurisdiction at some point in time, but then it evaporated, even as to things that took place while subject matter jurisdiction existed. That just doesn't make any sense. That would be like saying if an individual were validly subpoenaed for appearance at a trial, ignored the subpoena, escaped the party's efforts to have him or her brought to the trial for whatever reasons the trial concluded, and then finally this person were found and proceedings were made against him for violating the command of the subpoena, he could say, well, the trial's over. I mean, I hid out as long as it was necessary for you to get the trial to judgment, and therefore your authority over me has disappeared. It just destroys the court's power and authority to enforce its writs. It makes no sense, and it has no case law support except for the Chicago title case. In that case, the appellate court said, yes, now that the six-month period during which the citation proceedings were in effect has passed, we can't issue any contempt proceedings against somebody who violated the restraining order of the citation proceedings. Now, that case has been saluted by reviewing courts not once in the 37 years since it was issued. It's never been cited with good reason. Jurisdiction doesn't evaporate that way. The need to enforce orders exists and never really ceases to exist. That's how we conduct this whole thing. Just black robes and elevated benches aren't enough to keep the court's authority in effect. If you take my opposition's argument to its extreme, it would mean that in every single case someone representing a judgment creditor in citation proceedings would have to request that these proceedings be continued indefinitely and would have to take an appeal from any denial of a request for that relief because you never know when you're going to find that the citation restraining provisions were violated. In this case, for example, we didn't find out until after the six months from the time of the first appearance that in fact the citation restraining provisions had been violated. The assumption is people obey the law. If someone gets a citation, the assumption is the citation says thou shall not transfer assets. The assumption is that they won't do it. But you don't always figure it out before the six-month period is up that they have done it. And then, of course, it would be interesting to hear what their answer is as to how far enforcement proceedings would have to go. Would they have to be started? Would they actually have to go to conclusion in the trial court? Would the appellant's brief have to be filed on appeal before the six-month period? Would orals have to take place? Would the first reviewing court decision have to be entered within the six months? Well, given all these uncertainties and given the language of paragraph F of Rule 277, why isn't a person in the position of your client required to seek an extension of the six-months provision provided in the rule? And if you fail to do that, why haven't you incorporated any claim that the effect of the rule goes beyond six months? For the reason I stated, Judge, it just makes no sense to do that. Otherwise, if that's the case, somebody's up in front of you asking for that relief. You say, Counsel, what reason do you have that I should continue this indefinitely? Well, Judge, I don't know it today, but you never know. These people might violate the restraining order. They may have lied during the examination. The standard is if the court deems it just. Not a lot of pressure is being put on. In a case like this, it seems to me it would be easy enough for you to have said to the trial court, this is an unusual and involved case, Judge. The circumstances aren't the typical case of we've got a judgment for $30,000 and we're going after potential judgment detours. Because of that, we think the provisions of Rule 277, how it expires within six months, according to the Supreme Court of Illinois, should be extended within your discussion. I'm the trial judge, I'm thinking it makes sense to me. But you didn't ask that. What if you're the trial judge who said it doesn't make sense? I'm not going to keep this file open. I mean, I've got reports to write and all that stuff. Then we'd have an issue out of use of discretion, perhaps, if the same circumstances occurred. But more particularly, Mr. Walker, you never asked for an extension. Why haven't you abandoned that issue? I'm sorry, I didn't understand the last question. You never asked for an extension of the six-month period of the automatic termination. Of the proceedings, correct. As a result of that, why haven't you abandoned any argument that it extends beyond six months? I'm not saying that the proceedings extend beyond six months. I'm saying the court's authority, just like my example about a subpoena, I'm not saying the trial's still going on. Say you find the guy that violated the subpoena three days, three months, three years after the trial. I wouldn't argue that the trial was still being conducted. I would say that if we don't punish people who violate the writs and orders of the court, pretty soon everybody realizes there's no harm in violating it. But, counsel, when we think about the fact that any orders entered by the court still remain in effect, doesn't that address your analogy? The judge ordered this person to appear on the subpoena. Even though the trial is over, if the person didn't comply with that, they can still be punished. In this case, although the proceedings had expired, any orders that had been entered for turnover of that nature would still be in effect. Well, the turnover would. You're correct, and that's another reason why we believe subject matter jurisdiction existed at the time, or still exists today. But the violation of the restraining order, just like the violation of the subpoena in my trial example, took place within the six months. Well, let's talk about that. You filed suit in February of 2010, correct? Correct. Okay, and they entered this global settlement in June of 2009 due to that July 2010 bar date, and then there was, I believe, let me check my notes here, there was a confirmation of that entered also prior to when you filed suit. So did this occur after the restraining order had been entered? Well, what the motion in aid of execution as, for example, against Hoke and Shine says, there was money in the bank, for example, at the time the citation was served. You've transferred that away. Are you talking about the $58,000 or so that the judge ordered turned over? Well, I think that is the approximate amount that's in the turnover order that's recited, but of course the language of the order is broader. It says, turn over everything you had December 1st. But my point is that the dissipation of assets, the violation of the restraining provision, took place after the citation was served and before the six months period expired, during the exact period that my opponents say subject matter jurisdiction existed. So if you just ignore all other matters, their argument is, well, still somehow we're immune from responding to anybody or anything about that. Well, but they argued beyond subject matter jurisdiction. They argued that the termination of the supplemental proceedings barred you from invoking the provisions of 214.02, which isn't a jurisdiction argument at all. It's just a procedure argument, but you've defaulted, and the authority provided you because the rule terminated. So are you implying that they're saying that there is some way the court can enforce an order, but Walker, as attorney for Shipley, picked the wrong way? I don't quite understand your point, Your Honor. The question is, as they argued throughout, and that's what I wanted you to address, is the Rule 277 says it affects for six months and six months only. It provides it could be extended, but if it's not extended, then enforcement proceedings after that don't block, can't be brought. That's been their argument throughout. I understand they also argued jurisdiction, and you are correct in your assessment of that and how jurisdiction is something the court has to deal with and all the rest, but this is a procedural argument about the ability to enforce this once the termination order has, once the order has terminated, presents six months provision. What about that? I would have to share, Judge. I don't totally understand your question, but if you're saying there's some sort of non-jurisdictional, sort of like a procedural time period or something that's applicable? Yes. Okay. Well, I don't know of any case that says that. I mean, like I said, Chicago Title said what it said, but I must have 15 cases in here where people have successfully requested and obtained relief against parties that violated the provisions of the citation, and there's no indication in there how far the plaintiff was along in his efforts to have the sanctions administered at whatever time period it was. I mean, do you have to do this, you know, as I mentioned before, do you have to start it? Subsection F, Rule 277, says when pre-proceedings terminate, that's the rule which has to be read in accordance with 2.1402. Proceeding under this rule continues until terminated by motion of the judgment creditor or the court of satisfaction of the judgment. It terminates automatically six months from the date of one respondent's first personal appearance pursuant to the citation of 2. Respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. That adds, as I mentioned earlier. The court may, however, grant extensions beyond the six months as justice may require. Orders for the payment of money continue in effect now withstanding termination of proceedings until judgment is satisfied by the court order as otherwise. This is a proceeding brought pursuant to 277. The question is about whether or not this has terminated automatically from six months of the date in the absence of seeking any extension. And they argued it throughout these proceedings that that applied and you didn't seek an extension. That's what I want you to address, why they're not correct. For the reasons that I stated. The six-month period has to do with a window during which the party receiving the citation must obey the terms of the citation. At the end of the six months, if there's no order against him, her, or it, they're free to transfer assets and so forth. But during that six-month period, they're supposed to obey it. Just like any order, I mean, you're supposed to obey the order. If the order is indefinite, you obey it indefinitely. In this case, with hindsight, it turns out that the order was in effect for six months. But if you violate the order, it doesn't make any difference what the nature of the order is. You are liable to sanctions. If we don't have that, people just go around thumbing their nose at court orders. Going back to the six-month period is sort of like the termination of the trial in my trial analogy. It just means at the end of the six months, you can now start transferring assets. When would this order then end? What would its effect when? At what point? By order, do you mean the restraining provisions of the citation? Yes. Well, in this case, for example, at the end of six months, they would be free to transfer, but not before that. My point is they transferred during the six months, so they violated the restraining provisions. Now, they also were ordered before the six-month period was over to transfer the assets they had on hand at December 1. And so that would be an additional thing that would give the court power. In other words, the court made that order. The court has the power to enforce that order. Then going to the other argument, which is personal jurisdiction. Hoke was served with a motion in the age of execution by mail. And in the O'Connell v. Farmaco case, again, nothing is better for me than the language of that opinion saying actual notice is enough. And, of course, Hoke had all kinds of actual notice. He had so much actual notice, he's litigating the matter in the bankruptcy. Once C.P. Hall transferred the motion to bankruptcy court. And not only did he have actual notice, but he waived his personal jurisdiction argument by arguing the merits. First, he argued the merits in the bankruptcy court. And the best of those arguments are on page 22 of our brief. One example is where Hoke said the bankruptcy court has jurisdiction over the motion in aid of execution and should deny remand. So he's admitting the bankruptcy court has jurisdiction, subject matter jurisdiction, over the motion in aid of execution and over himself. And should deny remand to the circuit court and decide it itself. Another thing Hoke argued in the bankruptcy court was, quote, since the motion in aid of execution is currently pending before this court, the court should deny the motion in aid of execution on its merits. You mentioned the Chicago Title and Trust case. And your position was that it hadn't been cited approvingly. Has any court cited it as being decided? Hadn't been cited, period. Pardon? No court has cited it in the 37 years since it was published. I'm sorry, go ahead. You may continue. And then Cooney and Conway also raised this personal jurisdiction. It also was served by mail. It had such strong actual notice that it moved the bankruptcy court to enjoin the prosecution of the motion in state court, which was granted for a period of time. Your time is up, Mr. Walker. You'll have another opportunity to address this in rebuttal. Thank you. Thank you, counsel. Who will be addressing the court first? Mr. Swafford? You may proceed. Good morning, your honors. My name is Steve Swafford on behalf of attorney Stephen Hoke. As you know, Joseph Frank was also going to argue on behalf of a Cooney firm. I'd also like to note that Patrick Schein is at counsel table representing himself, and he's chosen to stand on his brief, but he is available for questions should the court wish to ask any. As I said, I represent Stephen Hoke, who was an attorney who at one time represented C.P. Hall. He is alleged to have been the attorney for C.P. Hall at the time of the citation. There is an order in the record, however, that shows that he withdrew as an attorney for C.P. Hall in August of 2010 prior to the citation. In any event, but there is this allegation, as I said, in the motion in aid of execution that says otherwise. In any event, there's nothing that says that Mr. Hoke was ever served with the citation papers or that he had anything to do with the citation proceedings. The citation was issued in November of 2010. C.P. Hall appeared on December 17th through Mr. Schein. There was a turnover order for $59,000, which was the only money order entered in the citation proceedings. According to the terms of Rule 277, the citation automatically terminated on June 17th, six months after C.P. Hall appeared. And this was discussed at length during Mr. Walker's time up here under 277. That was the end of the matter under the Chicago title case. There are other cases cited in our brief or in Mr. Schein's brief that support the Chicago title case, and I think that we have adequately distinguished the cases Mr. Walker cited in that regard. Mr. Shipley does argue that any orders entered during the citation itself should be enforced, even though in spite of this expiration of the six-month period. And in that regard, he relies on the last sentence of 277F, which states, Orders for the payment of money continue in effect, notwithstanding the termination of the proceedings, until a judgment is satisfied or the court orders otherwise. Well, there was only one order for the payment of money entered during the six months, and that was the turnover order of $59,000. And while I'll stand on the Chicago title case, this says he can't enforce that order. Even under Mr. Walker's argument, relying on the last sentence of 277, the only order for the payment of money issued during the six months was the order for $59,000, and he has never explained how an order for $59,000 becomes a claim for $3 million. That just doesn't make sense. He also never explains why someone like my client, attorney Hoke, who was never a party to the citation, should be liable for even the $59,000. Hoke was never a party to the citation, and he cannot be retroactively converted to a party by a motion in aid of execution that is served on Mr. Hoke after the transfer of all the assets that he's complaining about. Mr. Hoke wasn't served with anything. Well, he wasn't properly served, period. But he wasn't served with anything to be made a party to this citation at all until the transfer of the assets about which Shipley is complaining. And as I stated, there was no proper service of this motion in aid of execution. Rule 277 and Section 214.01.2 of the Code required that a citation be issued by the clerk and that the citation be served on Mr. Hoke, and that never happened in this case. Mr. Walker urges that the proper service was waived, that actual notice of the proceedings is sufficient, which of course is not the rule. The rules must, it is a special proceeding, and following the rules is absolutely required under the case law. Mr. Walker argues waiver, but there was no waiver in this case. Whatever Mr. Hoke did in the bankruptcy court has nothing to do with whether or not Mr. Hoke submitted to the jurisdiction of the Illinois courts. Let me interrupt you for a moment. Sure. I'm sorry to interrupt where you're at, but I want to get to a point that Mr. Walker had raised, and I want to see if you agree with this, what he is indicating here. You have a six-month time frame for that supplementary proceeding, and you've got an order containing restraining provisions in addition to payment, which is what's argued here, the trial court's order was. Payment of the $58,000 plus restraining provisions. During that six-month period, there is a violation of the restraining provisions of that order, unbeknownst to the judgment creditor, unbeknownst to the trial court. After that expiration of six months, and there's a termination of the proceedings, it hasn't been continued, the violation is discovered. There's no way to enforce the original order containing the restraining provisions. As I understand it, that's what Mr. Walker has indicated the landscape would be here, or is, if we go with Chicago title. Is that what you believe as well? That's what I believe as well, and that's what the case law says. There's no way to enforce those restraining provisions. I would just note factually, however, that we're still not getting to $3 million, and we're talking about $91,000. Assuming what he alleges is true. What should a plaintiff's lawyer do under these circumstances? Extend the citation provisions as the rule requires. In this case, when and how should Mr. Walker have done it? Well, the C.P. Hall was agreeable to an extension of the citation proceedings and offered to extend the citation proceedings, and Mr. Walker said, I don't want to extend the proceedings. Does the record reveal any of the explanation for any of that? The record reveals the offer and his refusal. I'm sorry, this wasn't? There was no further discussion about it? No. Had he said okay, would there be any issue at this time about the effect of that? That is, could he be seeking to enforce what he's trying to enforce now? Or to put it another way, the Chicago title case wouldn't apply anymore, would it? The Chicago title case wouldn't apply anymore. There could be all sorts of factional issues, Your Honor, because when you dig down into this record, if you dig down into the exhibits that he filed in the citation proceedings, you wonder why we're even here, because there were assignments of all of C.P. Hall's assets on a going-forward basis because of the integrity settlement of all the asbestos claims. Not the integrity matter. Well, the integrity matter included. Because of all the asbestos claims, which far exceeded every asset that C.P. Hall had, C.P. Hall assigned every one of his assets of every variety prior to the time Shipley even got a judgment against C.P. Hall. So, you know, and Walker knew this. He submitted an exhibit showing it at the citation. It's exhibit number seven in the supplementary record. So, I mean, we all say, you know, we're not up on that issue. But I'm going off, Andrew, but you can ask me a question. The Chicago title wouldn't apply. Right. You say Hulk offered to have it extended. What about the other defendants? What about the other defendants? Yes, on this subject. Well, I'll let Mr. Frank speak to the other, to him, for his client. Well, do you recall what the record shows on this subject? Would you restate your question? I'm sorry. The question concerns C.P. Hall's offer to have the six-month period extended Mr. Walker declines. Did the other defendants address that subject matter as well? The answer would be the same with regard to Mr. Shine, I believe. Well, would they similarly offer? Well, Mr. Shine was the one who they offered on behalf of C.P. Hall. Okay. Okay. I'm sorry. I misspoke there. And since my client is alleged to be, even though he wasn't, the attorney for C.P. Hall, based on the allegations, I mean, I gave my answer based on the allegations, and I'm not sure. I guess the answer would have to be the same on behalf of the Cooney defendants, because the statute operates as the statute operates. Did the trial court address the business at all of the extension of the six-month period when counsel were talking about it? I believe when the trial court ruled. I believe, you know, I can't read the trial court's mind, okay? Counsel, I'm not asking you to read the trial court's mind. The question is, does the record show what the trial court said, if anything, on the subject when it was discussed by counsel? The only way I can read, no. Okay. No will suffice. I ask you to be a mind reader, counsel. No, but I think that the way I read the subject matter jurisdiction of the trial court's ruling with respect to co-defendant Schein is that he was in effect saying that the trial court, that there's no jurisdiction over the case with respect to, you know, there's a concept of jurisdiction over the case as opposed to subject matter jurisdiction, all right? So with respect to defendant, co-defendant Schein, there was no jurisdiction over the case, which is sort of what your question was suggesting, your procedural question was suggesting with respect to Rule 277. Okay, thank you, counsel. Thank you. Mr. Frank? May it please the court, counsel? Your Honor, I just want to address, Cooney and Conway came up a couple of times during the prior argument. I represent Cooney and Conway, so I do want to address the questions raised by the court. With respect to whether or not Cooney and Conway consented to an extension of the citation, Cooney and Conway really was not a party to the citation. Cooney and Conway is, just like Mr. Walker and his bestest plaintiff's law firm, that sued C.P. Hall over and over and over again for many clients. So they don't have. Well, I'm just interested in what Cooney and Conway may have said with regard to the extension of 277. No one ever asked, Your Honor. Okay. And no one would have asked because we weren't a party to the citation. Okay. So, you know, I'm not trying to be cute. I think that's the fact. The other thing I wanted to address, and this I'm not sure goes to the Cooney and Conway issues in this appeal, but I may as well address it, is I'm by practice a bankruptcy lawyer and supplemental proceedings we call pre-bankruptcy work. What you do is you extend and you extend and you extend. So this is not a shocking concept of extending. Mr. Walker described it as something I'm inferring as either unusual or something where you need to demonstrate some strong cause for an extension. Is that what you're suggesting? Your Honor, you know, every lawyer's experience is different in my experience, and I haven't done this in a few years. It's a matter of routine. It really is granted virtually. You have to appear, but virtually automatically. Under circumstances that are just, I think the rule says. Yes. Whatever that means. And I will also say that I can't speak, my first trip to McLean County is this case, so I can't speak to McLean County. But in Cook and Lake, it's, and you do it, you literally may do it for three or four years if it's a big enough judgment and merit's doing it. And if you're on the trail of assets. But getting specifically to the Cooney and Conway appeal, you know, Cooney and Conway has always appeared in this case on a limited basis to contest personal jurisdiction. And all of the case law cited, the case law that's been discussed this morning, where a court has ever extended personal jurisdiction in a supplemental proceeding to a non-party, has been with respect to a close insider. In other words, the CEO or the majority shareholder. And, you know. That's not new? We sue them, Your Honor. We're adverse to them. We're as adverse as adverse can be. So, and, you know, I'm not going to pretend there weren't an allegation that Cooney and Conway controlled, but I don't think that sort of bare pleading creates personal jurisdiction. So the case law is clear that to the extent a court goes beyond the actual party to a citation and allows enforcement of the citation against a third party, it has to be a close insider. And there's just no reason for this court to do what no court in Illinois, state or federal, has ever done before. Going beyond that, you know, there's no question that after the motion in aid of execution of judgment was quashed by Judge Lawrence in the circuit court, there was a new notice was served personally on Cooney and Conway with the old motion attached, but that's still not enough to create personal jurisdiction. Because as Judge Lawrence ruled when he gave both his rulings, first of all, you have to serve it properly under Section 105 made applicable by Rule 277, and second of all, to commence a supplemental proceeding, and Judge Lawrence was clear in the transcript that he views this really, this motion in aid of execution, as just another version of a citation to discover assets, it has to be done with a citation issued by the clerk in the county where the defendant resides. And you can't create personal jurisdiction by having a clerk in McLean County issue a citation that you know to be incorrect. I mean, that just wouldn't be fair because then you're hauled into a court that only has personal jurisdiction against you because someone else has done something improper. And while it's been described as venue, I do not read that provision of the Supreme Court rules as a venue provision. I read it as a jurisdictional provision. The Civil Procedure Supplemental Proceeding Rule says you have to commence it with a summons or a citation issued by the clerk, and then 277 says it has to be the clerk of the county in which he resides. So to me, it's purely jurisdictional, and any other result becomes ridiculous because then you've created personal jurisdiction by making a wrongful act. And then really just to address what I think is the last argument raised with respect to Cooney and Conway, Mr. Shipley's counsel presents this as just an order for contempt. But once again, that puts the cart before the horse because, first of all, nobody acted in contempt of Judge Lawrence. I want that to be clear. And, you know, we haven't gotten to the facts, but to say that a mountain's been made out of a molehill would be understatement. But regardless, you can't act in contempt of a court that has no jurisdiction over you. So to say that this is no different than a contempt proceeding really doesn't get us anywhere because there was never jurisdiction and, therefore, never an order that controlled us on which we could be in contempt. Your Honor, unless there are questions, I would just ask the panel to affirm the circuit court. Thank you, counsel. Thank you. Mr. Walker, any more trouble, sir? To the extent that Shipley and now Cooney and Conway say that you have to serve a party or an entity with an additional citation before you can sanction that party for violating the citation issued to a different person, for example, a judgment debtor, I mean, that's exactly what happened in O'Connell v. Farmaco. Justice McCullough described it. And another fellow named Robert Stagman said this in Lane v. Misch. In O'Connell, this court affirmed a trial court's judgment at a supplemental proceeding that held that an officer of a corporate judgment debtor personally liable for the corporation's debt, even though he was not formally made a defendant before judgment was entered against him. O'Connell does establish that a trial court may enter judgment against a third party at a supplementary proceeding. Gee, is that fair to cite my own words back to Mr. Walker? Well, I mean, I agree with you that you accurately summarized O'Connell v. Farmaco there. Well, in all fairness, in that case it's decided you're talking about a corporate officer. So you have someone that is intimately familiar with and involved with the respondent of the citation proceeding, true? That is true. And to the extent that Hoek might say, well, that ain't me. These are the facts in the motion. Hoek was the only person who wrote checks. Hoek wrote the checks that transferred the assets during the six-month period. Hoek is the only person who got the bank statements. Hoek is the only one who made the decisions as to who would get money. So counsel says, well, you know, we haven't got to the facts yet. I'm comfortable getting to the facts. I'm just saying our motion in aid of execution is verified, and what it says is what I just told you. By the way, counsel, I wanted to ask you, a motion in aid of execution, is there any precedent or any prior such motions anywhere? I tried to look and couldn't find any. I'm wondering what that means, if anything. It came up in the circuit court, and I eventually answered it, and hopefully I won't be able to find it during this. But there's a couple cases that called it that. I mean, you know, you could call it just a motion to do bad things to the guy that done what? Violated the records. Yeah, I mean, I take no pride in it. I just copied that because someone said it before me. What about also the point, and to what extent is it significant, that Mr. Swafford, I believe, pointed out about how the trial court discussed the extension of time, the six-month extension, indicated no problem with that. Didn't you declare? There is a complete transcript of that event. It was on the day the turnover order was entered. Mr. Shine personally appeared, and he said, I've got my marching orders from Cooney and Conway. Cooney and Conway, the entity that Mr. Frank represents. And he said, Cooney and Conway don't want this order entered today. Don't want which order? The order that was eventually entered, the turnover order over saying, thou shalt transfer to Walker all the assets that you had on December 1st. And so the judge says, well, what do you say about that, Walker? And I said, well, I'd like to get it entered today because we're just a few days from the end of the six months. Shine says, and this is in page A171 of Mr. Shine's appendix, which also reflects where it is in the actual record. And Shine says, well, you know, maybe we could agree to extend it. And it was at that point that I can't accurately summarize it all here in the last 30 seconds or whatever I've got left. But I think when you read it, you will see that one of the things I said was, even if it's continued as to C.P. Hall, what about other people who might have an interest in it? Nobody's agreeing to continue it on their part. I'd like to get it entered today. I never said I didn't want it continued. I just said I do want the turnover order entered today. And the exact point that you raised, which is, well, who spoke for other people that might have an interest in all this about continuing it? Nobody spoke for them. And, in fact, well, Shine was trying to speak for CUNY and Conway. He had a letter from, I think, Mr. Frank himself that he gave to the court saying don't do this. But, like I said, if you go through that, you'll find some discussion about continuing or not continuing. Thank you. Thank you, counsel. Thank you, Mr. Maynard. I advise you to recess and come on call.